JAMES G. KREISSMAN (Bar No. 206740)
jkreissman@stblaw.com
STEPHEN P. BLAKE (Bar No. 260069)
sblake@stblaw.com
BO BRYAN JIN (Bar No. 278990)
bryan.jin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California  94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002

*Attorneys for Defendants Allakos Inc.,*
*Robert Alexander, Leo Redmond,*
*Henrik Rasmussen, and Adam Tomasi*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG KIM, CHRISTIAN MAYO, AND ALLISON SKYE, Individually and on behalf of all others similarly situated, | Case No. 4:20-cv-01720-JSW |
| Plaintiffs, | **REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| ALLAKOS INC., ROBERT ALEXANDER, LEO REDMOND, HENRIK RASMUSSEN, and ADAM TOMASI, | **Date:** April 30, 2021<br>**Time:** 9:00 a.m. |
| Defendants. | **Courtroom:** Courtroom 5, 2nd floor<br>**Judge:** Hon. Jeffrey S. White |

DEFENDANTS' RJN ISO MOTION TO DISMISS                                    CASE NO. 4:20-cv-01720-JSW

In connection with their Motion to Dismiss Sung Kim, Christian Mayo, and Allison Skye's Amended Class Action Complaint (the "Complaint"), Defendants Allakos Inc., Robert Alexander, Leo Redmond, Henrik Rasmussen, and Adam Tomasi (collectively, "Defendants") respectfully request that the Court consider the documents attached as Exhibits A through R to the accompanying Declaration of Stephen Blake ("Blake Decl."), which are either incorporated by reference in the Complaint, subject to judicial notice, or both.

## DOCUMENTS SUBJECT TO THIS REQUEST

Defendants request that the Court consider the following documents in connection with their Motion to Dismiss:

| Ex. | Description |
| --- | --- |
| A | Allakos Inc., Form 10-K Annual Report for the Fiscal Year Ended December 31, 2019 (filed Feb. 25, 2020) |
| B | International Conference on Harmonisation of Technical Requirements for Pharmaceuticals for Human Use, Glossary, available at https://ichgcp.net/1-glossary (accessed November 24, 2020) |
| C | Excerpt of Food and Drug Administration publication entitled "Draft Guidance: Multiple Endpoints in Clinical Trials," available at https://www.fda.gov/media/102657/download (accessed November 24, 2020) |
| D | National Institutes of Health, A Study of AK002 in Patients With Eosinophilic Gastritis and/or Eosinophilic Gastroenteritis (ENIGMA) (April 12, 2018), https://clinicaltrials.gov/ct2/show/NCT03496571 (accessed November 24, 2020) |
| E | Allakos Inc., Allakos Announces AK002 Met All Prespecified Primary and Secondary Endpoints in Phase 2 Randomized, Double-Blind, Placebo-Controlled Study in Patients with Eosinophilic Gastritis (EG) and/or Eosinophilic Gastroenteritis, filed August 5, 2019 as an Exhibit to Form 8-K Current Report |

| Ex. | Description |
|---|---|
| **F** | Prices of Allakos's publicly traded stock price (NASDAQ: ALLK) from August 2, 2019 to November 24, 2020, available at https://finance.yahoo.com/quote/ALLK/history?p=ALLK (accessed November 24, 2020) |
| **G** | Allakos Inc. Supplement to Prospectus pursuant to Rule 424(b)(5), filed August 7, 2019 |
| **H** | Allakos Inc., Allakos Announces the Initiation of Antolimab (AK002) Clinical Studies, filed March 24, 2020 as an Exhibit to Form 8-K Current Report |
| **I** | Allakos Inc. Special Call Transcript, dated March 24, 2020 |
| **J** | Allakos Inc., Allakos Announces Positive Interim Results from an Open-Label Extension Study of Antolimab (AK002) in Patients with Eosinophilic Gastritis and/or Eosinophilic Duodenitis, filed May 4, 2020 as an Exhibit to Form 8-K Current Report |
| **K** | Allakos Inc., Allakos Initiates Patient Recruitment for AK002 Registrational Studies, filed June 3, 2020 as an Exhibit to Form 8-K Current Report |
| **L** | Allakos Inc., Allakos Announces Publication of Results from the Phase 2 Study of Lirentelimab (AK002) in Patients with Eosinophilic Gastritis and/or Eosinophilic Doudenitis (ENIGMA) in the New England Journal of Medicine, filed October 21, 2020 as an Exhibit to Form 8-K Current Report |
| **M** | Excerpt of Evan S. Dellon *et al.*, Anti-Siglec-8 Antibody for Eosinophilic Gastritis and Duodenitis, 383 New England Journal of Medicine 17 (Oct. 22, 2020) |
| **N** | Excerpt of Food and Drug Administration publication entitled "Guidance for Industry on Patient-Reported Outcome Measures: Use in Medical Product Development to Support Labeling Claims" and available at https://www.fda.gov/media/77832/download (accessed November 24, 2020) |
| **O** | Allakos Inc. Special Call Transcript, dated August 5, 2019 |
| **P** | Excerpt of International Conference on Harmonisation of Technical Requirements for Pharmaceuticals for Human Use, Statistical Principles for Clinical Trials E9 (Feb. 5, 1998), available at https://database.ich.org/sites/default/files/E9_Guideline.pdf |

| Ex. | Description |
|-----|-------------|
| **Q** | Excerpt of Merriam-Webster's Collegiate Dictionary (11th ed. 2012) |
| **R** | Allakos Inc., AK002 (Antoliomab) in Adult Patients with Active Eosinophilic Gastritis and/or Eosinophilic Gastroenteritis, filed October 29, 2019 as an Exhibit to Form 8-K Current Report |

## ARGUMENT

In resolving a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss, courts must consider the "complaint in its entirety," including documents incorporated by reference and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Exhibits A through R may all be considered on this motion under one or both of these doctrines.

Courts "consider exhibits attached to a complaint and incorporated by reference to be part of the complaint." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014). Incorporation-by-reference allows courts to treat certain documents as if they are part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (citation omitted). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). This doctrine applies to "situations in which the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) ("Under the incorporation by reference doctrine, if a document is referenced in a complaint, a court may 'properly consider the [document] in its entirety.'") (quoting *In re NVIDIA*, 768 F.3d at 1058 n.10).

In addition, the Federal Rules of Evidence permit judicial notice of "an adjudicative fact" if it "is not subject to reasonable dispute," because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b); *see also Khoja*, 899 F. Supp. 3d at 999. In securities fraud actions, courts routinely take judicial notice of the content of public records outside the pleadings, including but not limited to SEC filings, *Monachelli v. Hortonworks, Inc*, 225 F. Supp. 3d 1045, 1056 n.1 (N.D. Cal. 2016), investor call transcripts, *In re Pixar Sec. Litig*., 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006), and the stock price of publicly traded companies, *In re Copper Mountain Sec. Litig*., 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004). *See also Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) ("We . . . may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings."); *In re Extreme Networks, Inc. S'holder Derivative Litig*., 573 F. Supp. 2d 1228, 1232 n.2 (N.D. Cal. 2008) ("Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case."). The court may also take judicial notice of the fact of publication to show "what was in the public realm at the time," without regard to the truth of the published content. *See United States v. Kane*, No. 2:13-CR-250-JAD-VCF, 2013 WL 5797619, at *9 (D. Nev. Oct. 28, 2013).

### A. Documents Extensively Referenced in the Complaint and Incorporated-by-Reference Are Properly Before the Court

**Exhibits E, G, N, O and R** are referenced extensively in the Complaint and its exhibits and form the basis of Plaintiffs' claims; they are thus incorporated by reference. *See Steinle*, 919 F.3d at 1163. As a result, these documents are properly before the Court in deciding a motion to dismiss. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d at 1058 n.10.

Exhibit E is a Form 8-K attachment that Allakos filed on August 5, 2019 announcing its Phase 2 results. Exhibit O is the transcript of the Special Call Allakos hosted on August 5, 2019 in which the Phase 2 results were discussed. The Complaint quotes extensively from these exhibits. *See, e.g.*, Compl. ¶¶ 42-49, 100-03, 110-13, 119. These documents form the basis of a number of Plaintiffs' claims that Defendants made false or misleading statements of material fact about the ENIGMA trial's design, steroid use, serious adverse events, and vomiting in connection with Plaintiffs' purchases of

Allakos common stock.  *See* 15 U.S.C. § 78j(b); *Steinle*, 919 F.3d at 1163 ("Here, the [document] forms the very basis of Plaintiffs' claims, and Plaintiffs referred extensively to it throughout . . .").  Therefore, Exhibits E and O are incorporated by reference and are properly before the Court for purposes of this motion to dismiss.  *In re NVIDIA*, 768 F.3d at 1058 n.10 (9th Cir. 2014).

Exhibit G is a Supplement to Prospectus that Allakos filed with the SEC on August 7, 2019 pursuant to Rule 424(b)(5).  The Complaint quotes extensively from this document, which forms the basis of Plaintiffs' claim that the prospectus supplements falsely claimed that the ENIGMA trial was well controlled and blinded; statistically significant results were achieved for patients in the ENIGMA trial that did not receive steroids; and there was only one drug-related serious adverse event.  *See, e.g.*, Compl. ¶¶ 105-06, 110, 119, 139.  Exhibit G is thus similarly incorporated by reference and is properly before the Court for purposes of this motion to dismiss.

Exhibit N is the Food and Drug Administration's ("FDA") Guidance for Industry on Patient-Reported Outcome Measures: Use in Medical Product Development to Support Labeling Claims, issued in December 2009.  The Complaint quotes this document and relies on it for the claim that the unblinding issues Allakos allegedly failed to disclose are red flags for the FDA and Allakos therefore misled investors about the ENIGMA trial's result and the likelihood that Allakos would be able to use the ENIGMA trial to gain FDA approval of AK002.  *See* Compl. ¶¶ 70, 107.  Exhibit N is therefore also incorporated by reference and is properly before the Court.

Exhibit R is a presentation given by Allakos at the ACG 2019 conference in San Antonio, Texas, which was publicly disclosed as an exhibit to a Form 8-K filed by Allakos on October 29, 2019.  In this presentation, Allakos disclosed the effect of vomiting reported by ENIGMA trial participants on the Total Symptom Score.  This presentation is repeatedly referenced in the Seligman Report, Exhibit 3 to the Complaint at pages 22, 87, 106, 124, 125, 126, 128, 132, 133, 135, 137, 140, 149, 153, 154, 155, 214 and 215.  Exhibit R is therefore also incorporated by reference and is properly before the Court.

In addition to being incorporated by reference in the Complaint, the cited disclosures from Exhibits E, G, N, O and R are also subject to judicial notice because each document was either filed with the SEC or published by a government entity.  *See* Parts B, E, *infra*.

**B.**     **Additional SEC Filings and Investor Call Transcripts Contextualizing Matters Referenced in the Complaint Are Incorporated by Reference and Subject to Judicial Notice for Purposes of Considering Competing Scienter Inferences**

**Exhibits A, H, I, J, and K** are properly considered on this motion to dismiss because they are public documents filed with the SEC or related investor conference call transcripts. *See In re Pixar Sec. Litig.*, 450 F. Supp. 2d at 1100 ("[T]ranscripts of investor conference calls and SEC filings . . . are the types of documents of which this Court properly [may] take judicial notice."). In particular, "a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997).

The Court may take judicial notice of the following facts disclosed in Exhibit A, Allakos's 2019 annual report filed with the SEC on form 10-K, which are not subject to reasonable dispute:

- Allakos had 48,667,809 shares of common stock outstanding as of December 31, 2019; and

- The medical definitions of "esosiniphilic gastritis," "eosiniohilic gastroenteritis," and "eosiniphilic esophagitis."

Here, Plaintiffs have not disputed, and Defendants believe that Plaintiffs have no reasonable basis to dispute, the facts as supported by Exhibit A. Judicial notice is therefore proper. *See, e.g.*, *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1110 (9th Cir. 2013) ("The district court properly took judicial notice of [SEC filed prospectus supplement] and plaintiffs did not contest its accuracy with respect to the number of shares outstanding at the time of the secondary offering. That fact could therefore be considered in resolving defendants' motion under Rule 12(b)(6)."); *Cox v. Allin Corp. Plan*, 70 F. Supp. 3d 1040, 1044 (N.D. Cal. 2014) (taking judicial notice of medical definitions); *In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d at 952–53 (judicially noticing fact that plaintiffs could not dispute).

The Court may also take judicial notice of the following facts disclosed in SEC filings and an investor conference call transcript related to Allakos's Phase 3 Study and ENIGMA extension study, all of which are not subject to reasonable dispute:

DEFENDANTS' RJN ISO MOTION TO DISMISS                                CASE NO. 4:20-CV-01720-JSW

- 6 -

- Allakos initiated a Phase 3 study of AK002, as reported in an 8-K attachment filed on March 24, 2020, Exhibit H;

- Allakos had an end-of-Phase-II meeting with the FDA prior to initiating its Phase 3 study of AK002, as documented in the transcript of its March 24, 2020 investor conference call, Exhibit I;

- Allakos conducted an Open-Label ENIGMA extension study, interim results from which it announced in an 8-K attachment filed on May 4, 2020, Exhibit J; and

- Allakos enrolled patients in its Phase 3 study, as reported in an 8-K attachment filed on June 3, 2020, Exhibit K.

As an initial matter, the Complaint references that Allakos had proceeded to Phase 3 following the ENIGMA trial. *See* Compl. ¶ 79 (March 25, 2020 commentary discussing purportedly "[u]nswered [q]uestions" about Allakos's "Phase 3 EGID Program Update"—referencing Blake Dec. Ex. H (Allakos's March 24, 2020 announcement)). This fact is thus incorporated by reference into the Complaint. Likewise, the Complaint repeatedly references the ENIGMA extension study, and thus its existence is also incorporated by reference into the Complaint. *See* Compl. ¶¶ 7, 65, 71, 78, and 107; *see also* Compl. Ex. 2 at 34 (referring upcoming end-of-Phase 2 meeting with FDA); Blake Decl. Ex. O at 8, 10, 13 (repeatedly referencing end-of-Phase 2 meeting).

Moreover, the contents of Allakos's SEC filings and investor conference call transcript regarding these events are judicially noticeable facts that provide context for the incomplete references in the Complaint, and are included *solely* for purposes of assisting the Court to holistically consider competing scienter inferences, for which "[t]he Supreme Court has specifically instructed that 'courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.' *Azar v. Yelp, Inc.*, No. 18-CV-00400-EMC, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) (quoting *Tellabs, Inc.*, 551 U.S. at 322–23). This Court routinely considers statements in SEC filings in determining not only whether the statements in question were made, but also whether such statements support an inference of fraud that is at least as compelling as any competing inferences. *See*, *e.g.*, *Costabile v. Natus Med. Inc.*, 293 F. Supp. 3d 994, 1020 n.5

(N.D. Cal. 2018) (White, J.); *In re Intrabiotics Pharm., Inc. Sec. Litig.*, No. C 04-02675 JSW, 2006 WL 708594, at *13 (N.D. Cal. Jan. 23, 2006) (White, J.).

A fact is properly subject to judicial notice where, as here, it is not subject to reasonable dispute. *See In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d at 952–53 (judicially noticing fact that plaintiffs could not dispute). Here, Plaintiffs have not disputed, and Defendants believe that Plaintiffs have no reasonable basis to dispute, the facts set forth in Exhibits A, H, I, J, and K concerning shares outstanding, certain medical definitions, Allakos's Phase 3 trial, and Allakos's ENGIMA extension trial. These facts are not subject to reasonable dispute, and Defendants do not ask the Court to go beyond these basic facts to draw scienter inferences based on, for example, what was said at any given meeting, what results were established by any post-ENIGMA trials, or other matters that are not as easily discernable as those for which Defendants seek judicial notice.

### C.      Journal Articles Are Subject to Judicial Notice for the Fact of Publication

The Court can properly consider **Exhibits L and M** for the fact that the results of the ENIGMA trial were published in the New England Journal of Medicine ("NEJM"), which both the NEJM and Allakos have publicly disclosed. *See Estate of Fuller v. Maxfield & Oberton Holdings*, LLC, 906 F. Supp. 2d 997, 1004 (N.D. Cal. 2012) (taking judicial notice of scientific article); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time . . .'").

### D.      Publicly Traded Stock Prices Are Subject to Judicial Notice

**Exhibit F** is a compilation of historic Allakos stock prices obtained from Yahoo! Finance. "A district court ruling on a motion to dismiss may judicially notice the price of publicly traded stocks on particular dates." *See Lloyd v. CVB Fin. Corp.*, No. CV1006256MMMPJWX, 2012 WL 12883522, at *13 (C.D. Cal. Jan. 12, 2012) (collecting cases); *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008). The Court thus may judicially notice the stock price for Allakos, a publicly-traded company, between August 1, 2019 and November 24, 2020.

**E.    Information Published by Government Entities and International Organizations Are Subject to Judicial Notice**

"It is appropriate to take judicial notice of . . . information . . . made publicly available by government entities." *United States Small Bus. Admin. v. Bensal*, 853 F.3d 992, 1003 n.3 (9th Cir. 2017); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information on government entity websites). Similarly, courts may judicially notice information published by international organizations. *See In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 901–03 (C.D. Cal. 2011). **Exhibits B, C, D, and P** fall within these categories.

Exhibits C is a guidance the FDA published on its website. "Courts routinely take judicial notice of similar FDA guidance documents, many of which also appear on the FDA's public website." *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1207 (N.D. Cal. 2017); *see also Immanuel Lake v. Zogenix, Inc.*, No. 19-CV-01975-RS, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020); *Allen v. ConAgra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2018 WL 6460451, at *8 (N.D. Cal. Dec. 10, 2018). The Court may take judicial notice of the FDA's definitions of "primary endpoint" and "secondary endpoint" in Exhibit C. *See Cox*, 70 F. Supp. 3d at 1044 (taking judicial notice of medical definitions). For the same reasons, the Court may also take judicial notice of the FDA's guidance that "sponsors can use PRO instrument administration techniques that may minimize the effects of possible unblinding" in Exhibit N, which is incorporated-by-reference. *See* Part A, *supra*.

Exhibit D is a document published by the National Institutes of Health, another federal government entity, on its website at ClinialTrials.gov, which is publicly available and whose accuracy can be readily determined. *See Bensal*, 853 F.3d at 1003 n.3; *Daniels-Hall*, 629 F.3d at 998–99. Indeed, courts routinely take judicial notice of clinical trial information published on the ClinicalTrials.gov website. *See*, *e.g.*, *Mattera v. Biosurface Eng'g Techs., Inc.*, No. CV 13-08991-R, 2014 WL 12586482, at *1 (C.D. Cal. Feb. 5, 2014); *Weinstein v. Kirkman*, No. C13-0769-JCC, 2013 WL 12121125, at *1 n.2 (W.D. Wash. Sept. 16, 2013). The Court may thus take judicial notice that Allakos disclosed the 21 trial sites of the ENIGMA trial on the NIH's ClinicalTrials.gov website. The Court may also take judicial notice of the ENIGMA trial's primary and secondary endpoints as disclosed in Exhibit D, which are not subject to reasonable dispute.

Exhibits B and P are published by the International Conference on Harmonisation of Technical Requirements for Pharmaceuticals for Human Use ("ICH"), an international organization "that coordinates pharmaceutical regulations across different countries." *Immanuel Lake v. Zogenix, Inc.*, No. 19-CV-01975-RS, 2020 WL 3820424, at *8 (N.D. Cal. Jan. 27, 2020).  Because ICH publications are generally known within the medical community and are not subject to reasonable dispute, the Court may take judicial notice of the definition of "protocol" provided in Exhibit B and the definition of "treatment-emergent" provided in Exhibit P.  *See also Cox*, 70 F. Supp. 3d at 1044 (taking judicial notice of medical definitions).

### F.    Dictionary Definitions Are Subject to Judicial Notice

"Dictionary definitions are also a proper subject for judicial notice." *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020).  The Court may therefore take judicial notice of the definition of "median" provided in **Exhibit Q**, an excerpt of the Merriam-Webster's Collegiate Dictionary.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits A through R in connection with their motion to dismiss.

November 25, 2020                                    Respectfully submitted,

                                                    SIMPSON THACHER & BARTLETT LLP

                                                    By:  */s/ Stephen P. Blake*
                                                    STEPHEN P. BLAKE (Bar No. 260069)
                                                    sblake@stblaw.com

                                                    *Counsel for Defendants Allakos Inc., Robert Alexander, Leo Redmond, Henrik Rasmussen, and Adam Tomasi*