Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff and Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG KIM, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ALLAKOS INC., ROBERT ALEXANDER, LEO REDMOND, HENRIK RASMUSSEN, and ADAM TOMASI, <br> , <br><br> Defendants. | Case No: 4:20-cv-01720-JSW <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' [PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT** <br><br> JUDGE: Hon. Jeffrey S. White <br> DATE: April 30, 2021 <br> TIME: 9 a.m. <br> CTRM: 5, 2nd floor |

Defendants Allakos Inc. ("Allakos"), Robert Alexander, Leo Redmond, Henrik Rasmussen and Adam Tomasi (collectively "Defendants") have moved to dismiss Plaintiffs' Amended Class Action Complaint (the "Complaint") for Violation of the Federal Securities Law (the "Motion"). After considering the Motion, Plaintiffs' Opposition, Defendants' Reply in support of the Motion, all other papers on file herein, and oral argument, the Court denies the Motion as to everything but Defendants' alleged misstatements concerning vomiting.

On a Rule 12(b)(6) motion to dismiss, "[t]he Court's 'inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff.'" *In re Zynga Inc. Sec. Litig.*, No. C 12-04007 JSW, 2015 WL 1382217, at *1 (N.D. Cal. Mar. 25, 2015) (White, J.) (quoting *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir.2008)).

### A. Plaintiffs Allege Falsity.

To plead falsity, the Complaint must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). A statement is misleading if it "affirmatively create[s] an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). Plaintiffs allege that Defendants falsely stated that the ENIGMA Trial: (1) used a contract research organization ("CRO"), (2) was "double-blinded," (3) was not affected by the patients' steroid use, and (4) only have one drug-related serious adverse event.

First, Defendants' statements that Allakos did not have the ability to independently conduct [its own] clinical trials" and that it used "third-parties, such as CROs" were misleading. They would have led a reasonable investor to believe that Allakos used a CRO for the ENIGMA Trial since the use of CROs is industry standard and the trial investigators who worked on the Trial were shocked when they discovered Allakos was not using a CRO. *See Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985-987 (9th Cir. 2008) (holding that failure to explicitly disclose that a portion of its backlog were projects with stop work orders was misleading despite

- 1 -

defendants' argument that such projects fit into the definition of backlog they provided). Second, Defendants' statements that the ENIGMA Trial was "double-blinded" were false and misleading because Defendants continued to tout that the Trial was "double-blind" after numerous blinding problems occurred without disclosing those problems. *See Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 706 (9th Cir. 2016) ("[O]nce defendants cho[o]se to tout positive information to the market, they [are] bound to do so in a manner that wouldn't mislead investors, including disclosing adverse information that cuts against the positive information." (internal quotation marks omitted)). Third, Defendant Alexander's statement that steroids "had absolutely 0 effect on the results" of the ENIGMA Trial was misleading because he had no basis to make that statement given the Trial's poor steroid controls. *See Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund,* 575 U.S. 175, 196*, (2015*) (a statement is misleading where an "excluded fact shows that [the defendant] lacked the basis for making those statements that a reasonable investor would expect"). Fourth, Plaintiffs adequately pled that Defendants misleadingly stated that the ENGIMA Trial had more than one drug-related serious adverse event. *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920-EJD, 2017 WL 4355072, at *3 (N.D. Cal. Sept. 29, 2017) (holding that misclassification of "numerous adverse event reports of serious injury under the 'other' category instead of in the 'serious injury' category" were actionable misstatements").

### B. Plaintiffs Allege Scienter.

A securities plaintiff may plead scienter by pleading "knowledge of the falsity as well as 'deliberate or conscious recklessness.'" *Mulderrig v. Amyris, Inc.*, No. 19-CV-1765 YGR, 2020 WL 5903844, at *8 (N.D. Cal. Oct. 5, 2020) (quoting *No. 84 Employer-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 937 (9th Cir. 2003)). An inference of scienter is strong "if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007) (citations omitted).

The Complaint pleads scienter because it alleges both that the Defendants knowingly or

- 2 -

recklessly made misstatements and that Defendants had a motive to do so. Given the small size of Allakos and the fact that its entire business was devoted to AK002, the drug tested in the ENIGMA Trial, it would be absurd to suggest that Defendants did not make the misstatements at issue with knowledge or recklessly. *See Berson*, 527 F.3d at 987-988 (Defendants' direct responsibility for day-to-day operations made it hard to believe they would not have known about stop work orders); *In re MannKind Sec. Actions*, 835 F. Supp. 2d 797, 814-815 (C.D. Cal. 2011) (holding that because the drug in question was MannKind's only advanced-stage product,"[d]efendants' positions within MannKind raise an inference of scienter based on the falsity of the statements and Defendants' access to information contradicting those statements"). The inference of scienter is further supported by the fact that Defendants Alexander and Rasmussen made numerous statements indicating great familiarity with how the ENIGMA Trial was conducted. *See Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 WL 631525, at *10-*11 (S.D. Cal. Feb. 13, 2015) (holding that "it would be absurd to think that the CEO and CFO of a company with just thirty-five employees, of whom only ten are involved in sales, general or administration, would be unaware of the lack of written agreements or definitive payment terms with the five new customers" where defendants made statements indicating they were aware of the sales in question). Additionally, the fact that Defendants announced a secondary offering the same day they announced the ENIGMA Trial results and that the Company admitted it needed to continue to raise money to bring AK002 to market creates a motive to make misstatements and further supports the inference of scienter. *See Mulderrig*, 2020 WL 5903844, at *21 (holding that announcement of secondary offering "just one week" after misstating revenue "support[ed] an inference that defendants made their revenue statements with fraudulent intent.")

Defendants' citation to *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 415 (9th Cir. 2020) is inapposite since, in that case, "[t]he central theory of the complaint [was] that defendants knew the FDA would not approve" the drug at issue. Here, Plaintiffs are not arguing that Defendants are certain that AK002 will not be approved. Instead, by misrepresenting aspects of the

- 3 -

ENGIMA Trial, Defendants are misrepresenting the risks to future approval. *See In re Amylin Pharm., Inc. Sec. Litig.*, No. 01CV1455 BTM (NLS), 2003 WL 21500525, at *5 (S.D. Cal. May 1, 2003) ("There is nothing unlawful about taking a calculated risk. However, if, as Plaintiffs allege, Defendants misled Plaintiffs about such risk by making assurances regarding the completeness of the data and the likelihood of FDA approval, Defendants may be held liable."). Finally, Defendants' contention that the Court should discount fact contained in a short seller report on a motion to dismiss is not well taken. *See Feyko v. Yuhe Int'l, Inc.*, No. CV 11-05511 DDP PJWX, 2013 WL 816409, at *11 (C.D. Cal. Mar. 5, 2013) ("[A]nalysis into the 'truth' of the GeoInvesting report would be inappropriate, because doing so would implicate a factual dispute that should not be decided at this stage.")

**C.  Plaintiff Alleges Loss Causation.**

Finally, the Complaint also alleges loss causation. The Seligman Report clearly constitutes a corrective disclosure based on the flexible standard of *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 795 (9th Cir. 2020).  The Seligman Report was published by an established investment group and contained a large of information that was previously non-public.

**D.  Conclusion**

For the foregoing reasons, it is HEREBY ORDERED that Defendants' motion to dismiss is DENIED as to everything but Defendants' alleged misstatements concerning vomiting.

**IT IS SO ORDERED.**

DATED this _____ day of _____ 2021.

_____
Hon. Jeffrey S. White
UNITED STATES DISTRICT JUDGE

PLAINTIFFS' [PROPOSED] ORDER ON DEFENDANTS' MTD                    CASE NO. 4:20-CV-01720-JSW