JAMES G. KREISSMAN (Bar No. 206740)
jkreissman@stblaw.com
STEPHEN P. BLAKE (Bar No. 260069)
sblake@stblaw.com
BO BRYAN JIN (Bar No. 278990)
bryan.jin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA  94304
Telephone: +1-650-251-5000
Facsimile: +1-650-251-5002

*Attorneys for Defendants Allakos Inc.,*
*Robert Alexander, Leo Redmond,*
*Henrik Rasmussen, and Adam Tomasi*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG KIM, CHRISTIAN MAYO, AND ALLISON SKYE, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLAKOS INC., ROBERT ALEXANDER, LEO REDMOND, HENRIK RASMUSSEN, and ADAM TOMASI, <br><br> Defendants. | Case No. 4:20-cv-01720-JSW <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Hon. Jeffrey S. White <br> Date: September 30, 2022 <br> Time: 9:00 a.m. <br> Oakland Courthouse, Courtroom 5 |

Defendants Allakos Inc. ("Allakos"), Robert Alexander, Leo Redmond, Henrik Rasmussen, and Adam Tomasi (collectively "Defendants") moved to dismiss Plaintiffs' Second Amended Class Action Complaint (ECF. No. 41, "SAC") for Violation of Federal Securities Law (the "Motion"). After considering the Motion, Plaintiffs' Opposition, Defendants' Reply in support of the Motion, all other papers on file herein, and oral argument, the Court grants the Motion. Plaintiffs have not satisfied the requirements of the Private Securities Litigation Reform Act ("PSLRA") and Federal Rule of Civil Procedure 9(b), and have not alleged facts sufficient to state a claim for violation of Section 10(b) or 20(a) of the Securities Exchange Act of 1934.

## I.    Background

Allakos is a biotechnology company that develops therapeutic antibodies to treat allergic and inflammatory diseases, including eosinophilic gastritis ("EG") and eosinophilic duodenitis ("EoD," f/k/a eosinophilic gastroenteritis or "EGE"). SAC ¶ 39. Plaintiffs' First Amended Complaint (ECF No. 25) ("AC") alleged five groups of misrepresentations relating to Allakos' Phase 2 clinical trial for its principal drug compound, lirentelimab ("AK002") (the "Phase 2 Claims"). AC ¶¶ 58-84; 89-95; 96-128. On March 31, 2022, the Court dismissed the AC in its entirety, but permitted Plaintiffs to further amend their allegations to rectify the defects. ECF No. 40. On April 29, 2022, Plaintiffs filed the SAC, which asserts a new claim relating to Allakos' Phase 3 clinical trial of AK002 (the "Phase 3 Claim"). *See* ECF No. 45-1 at 2, 48-49.

## II.    The Phase 2 Claims

The SAC continues to assert four of the five Phase 2 Claims.[1] Plaintiffs, however, have failed to rectify the defects identified in this Court's order dismissing the AC. *See* ECF No. 45-1. The Phase 2 Claims are thus dismissed with prejudice, for the same reasons stated in this Court's March 31, 2022 order. *See* ECF No. 40.

## III.    The Phase 3 Claim

The Phase 3 Claim challenges certain statements Defendant Tomasi allegedly made in an interview on September 10, 2021 (the "Interview"). SAC ¶ 103. Plaintiffs allege that Defendant

---

[1] Plaintiffs abandoned the Phase 2 Claim relating to patient vomiting in the course of briefing Defendants' motion to dismiss the AC. ECF No. 40 at 9 n.1. This claim is not asserted in the SAC. *See* ECF No. 45-1 at 46-47.

Tomasi falsely claimed the Phase 3 trial's patient population was similar to the Phase 2 trial's patient population when, in fact, there were material differences between the two populations, which allegedly led to the failure of the Phase 3 trial. *Id.* ¶ 151. This claim is not well-pleaded.

***First,*** the Phase 3 Claim fails to plead any actionable misrepresentation or omission. The challenged statements indicated that the Phase 2 and Phase 3 trials used "identical," or the "same," enrollment criteria, and that the patient demographics for the two trials were of "the same type" or, more specifically, that their baseline (*i.e.*, pre-study) Total Symptom Score ("TSS") (*i.e.*, a self-reported score designed to measure the severity of symptoms) was "in the same or similar place." *Id.* ¶¶ 106, 108. Based on these observations, the Phase 3 patient population was described as "very similar" to the Phase 2 patient population. *Id.* These statements are demonstrably true. The two studies used exactly the same enrollment criteria, and the differences between the two populations' baseline TSS scores are negligible. *See* ECF No. 34-1, Ex. A at 8; ECF No. 41-6 at 24, 28. Plaintiffs assert that the two populations were dissimilar because the Phase 3 patient population included a higher percentage of patients with relatively milder conditions. *See* SAC ¶ 151. But these differences, which Allakos only identified after conducting an intensive *post hoc* analysis, do not render the challenged statements false or misleading. *See Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 886 (9th Cir. 2008) (Courts must look to "[t]he fair and reasonable implication an ordinary investor would derive from [the disclosures].").

***Second***, Plaintiffs fail to plead a strong inference of scienter, as the SAC includes no facts suggesting that Defendants knew that the challenged statements were false or recklessly disregarded that fact. Moreover, even assuming *arguendo* that Defendants knew of differences between the two patient populations, the SAC fails to allege that any of the Defendants believed such differences should be disclosed. *See In re Rigel Pharms., Inc. Sec. Litig.*, No. C 09-00546-JSW, 2010 WL 8816155, at *13 (N.D. Cal. Aug. 24, 2010). Plaintiffs also fail to plead facts showing a motive and opportunity to commit fraud. While Plaintiffs point to stock sales made by three individual Defendants, these alleged sales took place before the challenged statements, rendering them irrelevant for scienter purposes. *See Limantour v. Cray Inc.*, 432 F. Supp. 2d

1129, 1151-52 (W.D. Wash. 2006).  The SAC's remaining scienter allegations are speculative and not probative.

At its core, the SAC asks this Court to draw the highly implausible inference that Defendants knew the all-important Phase 3 trial was doomed by its inclusion of patients with mild diseases, lied about the population to boost investors' confidence in the trial, conducted the trial, and, when it failed, readily admitted their deception to investors.  The inference is neither "cogent [nor] at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).  The far stronger inference is that Defendants spent millions of dollars to enroll and conduct the Phase 3 trial with every expectation of its success, truthfully disclosed the similarities between the Phase 2 population and the Phase 3 population based on available information, and identified certain, more granular, differences between the two populations only after spending weeks analyzing the trial's surprising failure to meet one of its two endpoints.

## IV.    Section 20(a) Claim

Inasmuch as the Complaint does not plead an underlying violation of Section 10(b), Plaintiffs' claim for control person liability under Section 20(a) is also dismissed.  *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 623 (9th Cir. 2017).

## V.    Leave to Amend

This is now Plaintiffs third complaint without stating a claim.  Allowing Plaintiffs to file a fourth would be a "futile exercise." *Gompper v. VISX*, 298 F.3d 893, 898 (9th Cir. 2002).  The SAC is dismissed with prejudice.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (discretion to deny leave to amend "is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint'").

## VI.    Conclusion

For the foregoing reasons, it is HEREBY ORDERED that Defendants' motion to dismiss is GRANTED and the Second Amended Class Action Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**

DATED this ____ day of ____, 2022.

Hon. Jeffrey S. White
UNITED STATES DISTRICT JUDGE