JAMES G. KREISSMAN (Bar No. 206740)
jkreissman@stblaw.com
STEPHEN P. BLAKE (Bar No. 260069)
sblake@stblaw.com
BO BRYAN JIN (Bar No. 278990)
bryan.jin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Defendants Allakos Inc.,*
*Robert Alexander, Leo Redmond,*
*Henrik Rasmussen, and Adam Tomasi*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG KIM, CHRISTIAN MAYO, AND ALLISON SKYE, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLAKOS INC., ROBERT ALEXANDER, LEO REDMOND, HENRIK RASMUSSEN, and ADAM TOMASI,<br><br>Defendants. | Case No. 4:20-cv-01720-JSW<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Hon. Jeffrey S. White<br>Date: September 30, 2022<br>Time: 9:00 a.m.<br>Oakland Courthouse, Courtroom 5 |

DEFENDANTS' RJN ISO MTD SAC                                  CASE NO. 4:20-cv-01720-JSW

In connection with their Motion to Dismiss Plaintiffs Sung Kim, Christian Mayo, and Allison Skye's Second Amended Class Action Complaint ("SAC"), Defendants Allakos Inc. ("Allakos"), Robert Alexander, Leo Redmond, Henrik Rasmussen, and Adam Tomasi (collectively, "Defendants") respectfully request that the Court consider the documents attached as Exhibits A through D to the accompanying Declaration of Stephen Blake ("Blake Decl."), which are either incorporated by reference in the Complaint, subject to judicial notice, or both.

## DOCUMENTS SUBJECT TO THIS REQUEST

Defendants request that the Court consider the following documents in connection with their Motion to Dismiss:

| Ex. | Description |
| --- | --- |
| A | S&P Global Market Intelligence transcript for Allakos' Analyst/Investor Day Call (held on February 15, 2022) |
| B-1 to B-6 | Adam Tomasi's Statements of Changes in Beneficial Ownership, filed with the U.S. Securities and Exchange Commission ("SEC") on Form 4 (filed on March 3, March 10, April 14, May 12, June 7, and June 16, 2021, respectively) |
| C | Allakos' Proxy Statement, filed with the SEC pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule 14A (filed on April 14, 2022) |
| D | Allakos' Proxy Statement, filed with the SEC pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule 14A (filed on April 30, 2019) |

## ARGUMENT

In resolving a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss, courts must consider the "complaint in its entirety," including documents incorporated by reference and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Exhibits A through D can be properly considered on this motion under one or both of these doctrines.

Courts "consider exhibits attached to a complaint and incorporated by reference to be part of the complaint." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014). Incorporation-by-reference allows courts to treat certain documents as if they are part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of

the plaintiff's claim." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019) (citation omitted). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). This doctrine applies to "situations in which the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) ("Under the incorporation by reference doctrine, if a document is referenced in a complaint, a court may 'properly consider the [document] in its entirety.'") (quoting *In re NVIDIA*, 768 F.3d at 1058 n.10).

In addition, the Federal Rules of Evidence permit judicial notice of "an adjudicative fact" if it "is not subject to reasonable dispute," because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b); *see also Khoja*, 899 F. Supp. 3d at 999. In securities fraud actions, courts routinely take judicial notice of the content of public records outside the pleadings, including but not limited to SEC filings, *Monachelli v. Hortonworks, Inc*, 225 F. Supp. 3d 1045, 1055 n.1 (N.D. Cal. 2016), and investor call transcripts, *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006). *See also Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) ("We . . . may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings."); *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1232 n.2 (N.D. Cal. 2008) ("Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case.").

### A.   Exhibits A, B, and D Are Incorporated by Reference.

**Exhibit A** is the transcript of an analyst/investor call that Allakos hosted on February 15, 2022 (the "February 2022 Call"), on which Allakos discussed the results of its Phase 3 AK002 clinical trial known as ENIGMA II.  The SAC references multiple statements that were allegedly made on the February 2022 Call.  *See, e.g.*, SAC ¶¶ 16, 18, 114-16, 124, 173.  These statements form the basis of Plaintiffs' claim that Defendants made false or misleading statements of material fact about the Phase 3 trial's patient population.  *See id.*; *see also Steinle*, 919 F.3d at 1163 ("Here, the [document] forms the very basis of Plaintiffs' claims, and Plaintiffs referred extensively to it throughout . . .").  Therefore, Exhibit A is incorporated by reference and is properly before the Court for purposes of this motion to dismiss.  *In re NVIDIA*, 768 F.3d at 1058 n.10 (9th Cir. 2014).

**Exhibits B-1 through B-6** are Mr. Tomasi's Statements of Changes in Beneficial Ownership, filed on SEC Form 4 on March 3, March 10, April 14, May 12, June 7, and June 16, 2021, respectively.  The SAC alleges, based on the stock sales reported in Exhibits B-1 through B-6, that Mr. Tomasi had a motive to commit the alleged securities fraud.  *See* SAC ¶¶ 20, 176-77, 180.  Exhibits B-1 through B-6 are thus also incorporated by reference.

**Exhibit D** is a Proxy Statement that Allakos filed with the SEC on April 30, 2019.  The SAC cites Exhibit D in support of its allegations regarding nepotism among Allakos' clinical staff.  SAC ¶ 72 n.3.  Exhibit B is thus similarly incorporated by reference and is properly before the Court for purposes of this motion to dismiss.

### B.   All of the Exhibits at Issue Are Subject to Judicial Notice

Separately, **Exhibits A through D** are properly considered on this motion to dismiss because they are public documents filed with the SEC or investor conference call transcripts.  *See In re Pixar Sec. Litig.*, 450 F. Supp. 2d at 1100 (White, J.) ("[T]ranscripts of investor conference calls and SEC filings . . . are the types of documents of which this Court properly [may] take judicial notice."); *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) ("[A] district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *City of Royal Oak Ret.*

*Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045 (N.D. Cal. 2012) ("[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5–1 trading plan.").

A fact is properly subject to judicial notice where, as here, it is not subject to reasonable dispute.  *See In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d at 952–53.  Here, the pertinent facts set forth in Exhibits A through D, such as statements made by Allakos employees on the February 2022 Call about the Phase 3 trial and Mr. Tomasi's Allakos stock holdings and transactions, are not subject to reasonable dispute.

Moreover, the contents of Allakos' SEC filings and investor conference call transcript are judicially noticeable for purposes of assisting the Court to holistically consider competing scienter inferences.  This Court routinely considers statements in SEC filings in determining not only whether the statements in question were made, but also whether such statements support an inference of fraud that is at least as compelling as any competing inferences.  *See*, *e.g.*, *Costabile v. Natus Med. Inc.*, 293 F. Supp. 3d 994, 1020 n.5 (N.D. Cal. 2018) (White, J.); *In re Intrabiotics Pharm., Inc. Sec. Litig.*, No. C 04-02675-JSW, 2006 WL 708594, at *13 (N.D. Cal. Jan. 23, 2006) (White, J.).  Accordingly, the Court may appropriately take judicial notice of Exhibits A through D.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits A through D in connection with their motion to dismiss.

June 13, 2022                                   Respectfully submitted,

                                               SIMPSON THACHER & BARTLETT LLP

                                               By  */s/ Stephen P. Blake*
                                               STEPHEN P. BLAKE (Bar No. 260069)
                                               sblake@stblaw.com

                                               *Counsel for Defendants Allakos Inc., Robert Alexander, Leo Redmond, Henrik Rasmussen, and Adam Tomasi*

DEFENDANTS' RJN ISO MTD SAC                                    CASE NO. 4:20-cv-01720-JSW