JAMES G. KREISSMAN (Bar No. 206740)
jkreissman@stblaw.com
STEPHEN P. BLAKE (Bar No. 260069)
sblake@stblaw.com
BO BRYAN JIN (Bar No. 278990)
bryan.jin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Defendants Allakos Inc.,*
*Robert Alexander, Leo Redmond,*
*Henrik Rasmussen, and Adam Tomasi*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG KIM, CHRISTIAN MAYO, AND ALLISON SKYE, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLAKOS INC., ROBERT ALEXANDER, LEO REDMOND, HENRIK RASMUSSEN, and ADAM TOMASI,<br><br>Defendants. | Case No. 4:20-cv-01720-JSW<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Hon. Jeffrey S. White<br>Date: September 30, 2022<br>Time: 9:00 a.m.<br>Oakland Courthouse, Courtroom 5 |

In connection with their reply memorandum of points and authorities ("Reply") in further support of their Motion to Dismiss Plaintiffs Sung Kim, Christian Mayo, and Allison Skye's Second Amended Class Action Complaint ("SAC"), Defendants Allakos Inc. ("Allakos"), Robert Alexander, Leo Redmond, Henrik Rasmussen, and Adam Tomasi (collectively, "Defendants") respectfully request that the Court consider the documents attached as Exhibits E through H to the accompanying Supplemental Declaration of Stephen Blake, which are either incorporated by reference in the Complaint, subject to judicial notice, or both.

## DOCUMENTS SUBJECT TO THIS REQUEST

Defendants request that the Court consider the following documents in connection with their Motion to Dismiss:

| Exhibit | Description |
|---|---|
| E | Excerpt of Merriam-Webster's Collegiate Dictionary (11th ed. 2012) |
| F | S&P Global Market Intelligence transcript for Allakos' Special Call (held on October 26, 2020) |
| G | S&P Global Market Intelligence transcript for Allakos' Special Call (held on March 24, 2020) |
| H | Scott Pentiuk *et al*., Dissociation Between Symptoms and Histological Severity in Pediatric Eosinophilic Esophagitis, 48 Journal of Pediatric Gastroenterology and Nutrition 152 (February 2009) |

## ARGUMENT

In resolving a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss, courts must consider the "complaint in its entirety," including documents incorporated by reference and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Exhibits E through H can be properly considered on this motion under one or both of these doctrines.

### A.    Exhibits F And G Are Incorporated By Reference.

Courts "consider exhibits attached to a complaint and incorporated by reference to be part of the complaint." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014). Incorporation-by-reference allows courts to treat certain documents as if they are part of the

complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1162–63 (9th Cir. 2019) (citation omitted). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) ("Under the incorporation by reference doctrine, if a document is referenced in a complaint, a court may 'properly consider the [document] in its entirety.'") (quoting *In re NVIDIA*, 768 F.3d at 1058 n.10).

Exhibit F is the transcript of an investor conference call that Allakos hosted on October 26, 2020 (the "October 2020 Call"), on which Allakos discussed, among other things, the results of its AK002 Prevalence Study and the patient population of the Phase 3 AK002 trial. The SAC references multiple statements that were allegedly made on the October 2020 Call. *See, e.g.*, SAC ¶¶ 11, 96, 99, 101, 172, 175. Similarly, **Exhibit G** is the transcript of another investor conference call that Allakos hosted on March 24, 2020 (the "March 2020 Call"), in which Allakos discussed the patient population of the Phase 3 AK002 trial. *See, e.g.*, *id.* ¶¶ 10, 92–93. These statements form the basis of Plaintiffs' claim that Defendants made false or misleading statements of material fact about the Phase 3 trial's patient population. *See id.* ¶¶ 10, 11, 92–93, 96, 99, 101, 172, 175. Therefore, Exhibits F and G are incorporated by reference and are properly before the Court for purposes of this motion to dismiss. *See In re NVIDIA*, 768 F.3d at 1058 n.10.

**B.** **All Of The Exhibits At Issue Are Subject To Judicial Notice**

The Federal Rules of Evidence permit judicial notice of "an adjudicative fact" if it "is not subject to reasonable dispute," because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b); *see also Khoja*, 899 F. Supp. 3d at 999. In securities fraud actions, courts routinely

take judicial notice of the content of public records outside the pleadings, including but not limited to investor call transcripts.  *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) (White, J.); *see also Colyer v. AcelRX Pharms., Inc.*, No. 14-cv-04416-LHK,  2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) (taking judicial notice of conference call transcripts); *City of Miami Gen. Employees' and Sanitation Employees' Ret. Trust v. RH, Inc.*, 302 F. Supp. 3d 1028, 1031 n.1 (N.D. Cal. 2018) ("The Court may properly take judicial notice of . . . earnings call transcripts, and press releases under Federal Rule of Evidence 201(b)(2).").  Moreover, this Court routinely considers judicially noticed documents in determining whether the inference of scienter is at least as compelling as any competing inferences.  *See, e.g.*, *In re Intrabiotics Pharm., Inc. Sec. Litig.*, No. 04-cv-02675-JSW, 2006 WL 708594, at *13 (N.D. Cal. Jan. 23, 2006) (White, J.) (pointing to "documents of which the Court [may] take judicial notice" when evaluating competing inferences of scienter); *Costabile v. Natus Med. Inc.*, 293 F. Supp. 3d 994, 1020 n.5 (N.D. Cal. 2018) (White, J.).  Here, the facts at issue in all four exhibits are properly subject to judicial notice.

Defendants cite **Exhibit E**, an excerpt of the Merriam-Webster's Collegiate Dictionary, for the definition of the word "demographics."  Reply at 5.  The Court should take judicial notice of this definition because a dictionary is a source "capable of accurate and ready determination" and "whose accuracy cannot reasonably be questioned."  *Wayne v. Leal*,  No. 07-cv-1605-JM, 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009) (holding a court may take judicial notice of "those [sources] that are capable of accurate and ready determination . . . such as an almanac, dictionary, calendar, or other similar source"); *see also Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("Dictionary definitions are also a proper subject for judicial notice.").

**Exhibits F and G** are properly subject to judicial notice as investor conference call transcripts.  *See In re Pixar*, 450 F. Supp. 2d at 1100 (White, J.) ("[T]ranscripts of investor conference calls and SEC filings . . . are the types of documents of which this Court properly [may] take judicial notice.").  In particular, Defendants cite these two exhibits to show that Allakos disclosed to investors their plan to enroll into the Phase 3 trial EG and EoD patients

identified through the Prevalence Study.  Reply at 8.  "Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time . . . ."  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (internal quotation omitted).

Defendants cite **Exhibit H**—a journal article—to demonstrate that literature at the time of the challenged statements indicated a dissociation between a patient's symptom severity and their eosinophil count.  Reply at 14.  Exhibit H is thus properly subject to judicial notice for the fact of publication.  *See Est. of Fuller v. Maxfield & Olberton Holdings, LLC*, 906 F. Supp. 2d 997, 1004 (N.D. Cal. 2012) (taking judicial notice of scientific article); *Von Saher*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of "publications introduced to indicate what was in the public realm at the time") (internal quotation omitted).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits E through H in connection with their motion to dismiss.

August 29, 2022                                          Respectfully submitted,

                                                        SIMPSON THACHER & BARTLETT LLP

                                                        By  */s/ Stephen P. Blake*
                                                        STEPHEN P. BLAKE (Bar No. 260069)
                                                        sblake@stblaw.com

                                                        *Counsel for Defendants Allakos Inc., Robert Alexander, Leo Redmond, Henrik Rasmussen, and Adam Tomasi*