Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Lead Plaintiff and Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG KIM, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ALLAKOS INC., ROBERT ALEXANDER, LEO REDMOND, HENRIK RASMUSSEN, and ADAM TOMASI, <br><br> Defendants. | Case No: 4:20-cv-01720-JSW <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' OBJECTION TO REPLY EVIDENCE** <br><br> JUDGE: Hon. Jeffrey S. White <br> DATE: Noticed for September 30, 2022, continued to October 14, 2022 <br> TIME: 9 a.m. <br> CTRM: 5, 2nd floor |

PLAINTIFFS' OBJECTION TO REPLY EVIDENCE                          CASE NO. 4:20-CV-01720-JSW

Pursuant to LR 7-3(d)(1), Lead Plaintiff Sung Kim and Named Plaintiffs Christian Mayo and Allison Skye ("Plaintiffs") objects to new evidence submitted in Defendants' Reply In Further Support of Their Motion to Dismiss the Second Amended Complaint, ECF No. 50 (the "Reply").

In their Reply, Defendants ask the Court to consider four new exhibits based on the incorporation-by-reference and/or judicial notice doctrines — Exhibits E-H, attached to the Supplemental Declaration of Stephen Blake in Support of Defendants' Motion to Dismiss the Second Amended Complaint (ECF No. 51). Plaintiffs object to the introduction of three of those exhibits. The Court should not consider Defendants' Exhibits F and G (transcripts of Allakos' March 24, 2020 and October 26, 2020 conference calls) because Defendants introduced them to support an argument improperly raised for the first time in reply. Additionally, the Court should not consider Exhibit H (a medical journal article) because Defendants use it for the truth of the contents of the article. This is not permissible under the judicial notice doctrine, which only allows courts to take notice of the fact the article was published.

**A. Plaintiffs Object to Defendants' Exhibits F and G Because Defendants Introduced Them to Support an Argument Improperly Raised for the First Time in Reply.**

In the Reply, Defendants, in challenging falsity, raised the new argument: "Investors Knew that the Phase 3 Population Likely Had Lower Eosinophil Levels and Different Diagnostic History." Reply at 6-8. In support of that new argument Defendants' introduced their Exhibits F and G, which are copies of transcripts of calls that Allakos held on March 24 and October 26 of 2020, for the first time. *Id.* at 8.

The Second Amended Complaint ("SAC") alleges that Defendant Tomasi's statements that the Phase 2 and Phase 3 ENIGMA patient populations were "very similar" and "identical" were false and misleading because those patient populations were materially different in both diagnostic history and in baseline eosinophil and IgE levels. ECF No. 41 at ¶¶148-151. The SAC further alleged that Defendant Tomasi behaved intentionally or recklessly when he made his misstatements because he was put on notice of the possibility that the Phase 3 ENIGMA patient population was different from the Phase 2 patient population because of the differences between the patients enrolled in Phase 2 and those identified in the Prevalence Study. *Id.* at ¶ 172. In making

those allegations, the SAC discussed Allakos' October 26, 2020 presentation on the Prevalence Study's results. *Id.* at ¶¶ 95-101, 172.

In their opening brief in support of their motion to dismiss the SAC, Defendants' argued that Tomasi's statements were not misleading because the Phase 2 and Phase 3 ENIGMA trials had the same enrollment criteria and were similar with respect to Total Symptom Scores ("TSS"). Motion to Dismiss SAC (ECF No. 46, "Opening Brief") at 8-9. Additionally, when arguing that Defendant Tomasi did not act with scienter, Defendants argued in their Opening Brief that the SAC had not sufficiently pled that Defendant Tomasi knew or should have known the differences between the Phase 2 and Phase 3 ENIGMA patient populations in baseline eosinophil and IgE levels and diagnostic history at the time he made his misstatements. *Id.* at 12-13. In their Opposition to Defendants' Motion to Dismiss, Plaintiffs responded that Tomasi's statements were misleading because, based on the context, the most reasonable interpretation of the statements was that a reasonable investor would have interpreted them as about more than TSS and the enrollment criteria. Opposition to Defendants' Motion to Dismiss the SAC (ECF No. 49) at 7-10. Plaintiffs' Opposition also reiterated the allegations from the SAC that Tomasi's misstatements were intentional or reckless because he was put on notice of the possibility of significant differences between the patient populations of Phase 2 and Phase 3 ENIGMA by the results of the Prevalence Study. *Id.* at 11-12.

Defendants made a complete about-face in their Reply — they went from arguing that there was no reason that Defendant Tomasi, Allakos' President and Chief Operating Officer, should have known that the Phase 3 ENIGMA population had lower eosinophil levels and different diagnostic history than the Phase 2 population in their Opening Brief to arguing that ***Allakos' investors should have known about those differences in their Reply***. Reply at 6-8. Therefore, the argument in Defendants' Reply was completely novel. Furthermore, Plaintiffs could have easily made that argument in their Opening Brief since the SAC alleges that Tomasi was put on notice of the possibility of differences between the Phase 2 and Phase 3 patient populations by the results of the Prevalence Study and discussed Allakos' October 26, 2020 and March 24, 2020 conference calls. Accordingly, Defendants impermissibly raised their argument that investors knew that the

- 2 -

Phase 3 population likely had lower eosinophil levels and different diagnostic history for the first time on reply. *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir. 1999) ("an argument raised for the first time in a *reply* brief, it is not an argument that we may consider here" (emphasis in original)); *California Sportfishing Prot. All. v. Pac. States Indus., Inc.*, No. 15-CV-01482-JD, 2015 WL 5569073, at *2 (N.D. Cal. Sept. 22, 2015) ("Raising new arguments in a reply brief is classic sandbagging, and the Court will not tolerate it."). Because Defendants' introduced their Exhibits F and G to support an argument that they made impermissibility for the first time in reply, the Court should not consider them.

**B.  Plaintiffs Object to Exhibit H Because Defendants Improperly Introduced it for the Truth of the Matters Asserted therein.**

For the first time in Reply, Defendants asked the Court to take judicial notice of Defendants' Exhibit H, a medical journal article. Courts "may take judicial notice of publications introduced to indicate what was in the public realm at the time, but…may not take judicial notice as to whether the contents of those articles were in fact true." *Pardi v. Tricida, Inc.*, No. 21-CV-00076-HSG, 2022 WL 3018144, at *4 (N.D. Cal. July 29, 2022) (internal quotation marks omitted). Here, Defendants impermissibly requested judicial notice of the facts in Exhibit H, not simply that the article was published, because they used Exhibit H to attempt to refute the allegation in the SAC that AK002's mechanism for treating EG and EoD is depletion of eosinophils on a motion to dismiss. *See* SAC ¶12; Reply at 14 n. 10; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-999 (9th Cir. 2018) (warning against the use of extrinsic documents to resolve factual disputes on a motion to dismiss). Given that Defendants are requesting that the Court take judicial notice of Exhibit H for this improper purpose, the Court should not consider it.

DATED: September 6, 2022          **THE ROSEN LAW FIRM, P.A.**

By: /s/*Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 3 -

Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Brian B. Alexander, Esq. (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: balexander@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

- 4 -

PLAINTIFFS' OBJECTION TO REPLY EVIDENCE                    CASE NO. 4:20-CV-01720-JSW