JAMES G. KREISSMAN (Bar No. 206740)
jkreissman@stblaw.com
STEPHEN P. BLAKE (Bar No. 260069)
sblake@stblaw.com
BO BRYAN JIN (Bar No. 2789990)
bryan.jin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California  94304
Telephone: (650) 251-5000
Facsimile:  (650) 251-5002

*Attorneys for Defendants Allakos Inc.,*
*Robert Alexander, Leo Redmond,*
*Henrik Rasmussen, and Adam Tomasi*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG KIM, CHRISTIAN MAYO, AND ALLISON SKYE, Individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>ALLAKOS INC., ROBERT ALEXANDER, LEO REDMOND, HENRIK RASMUSSEN, and ADAM TOMASI,<br><br>            Defendants. | Case No. 4:20-cv-01720-JSW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF FOR PERMISSION TO FILE A SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Hon. Jeffrey S. White<br>Date: October 14, 2022<br>Time: 9:00 a.m.<br>Oakland Courthouse, Courtroom 5 |

DEFS' OPP. TO MOT. FOR ADMIN. RELIEF                    CASE NO. 4:20-CV-01720-JSW

**PRELIMINARY STATEMENT**

Plaintiffs' theories have been a moving target from the start.  Rather than amending their originally-asserted Phase 2 Claims, Plaintiffs instead abandoned them in favor of their new Phase 3 Claim, which is based entirely on oral statements made more than a year after this lawsuit was filed.[1]  Plaintiffs' Opposition to Defendants' second motion to dismiss further modified their Phase 3 theories.  Now Plaintiffs seek yet another bite at the apple, requesting leave to file a sur-reply to respond to an argument they claim Defendants raised in their Reply for the first time.  Plaintiffs' request should be denied both because Defendants' Reply merely responded to new assertions in Plaintiffs' Opposition and because it did not raise a new "truth-on-the-market" defense, as Plaintiffs claim.

Plaintiffs' request is predicated on their mistaken assertion that Defendants improperly included a new argument regarding the Prevalence Study in their Reply.  In fact, Defendants' Reply responded to an argument that Plaintiffs made ***for the first time in the Opposition***.  Plaintiffs' Opposition argued that even if a plain reading of the challenged disclosures regarding patient similarities did not encompass eosinophil/IgE levels and diagnostic history, their "fair and reasonable implication" would include these patient characteristics.  Defendants' Reply pointed out that this "implication" is neither fair nor reasonable, in part because Defendants already told investors that the Phase 3 population would include certain patients who were (i) identified in the Prevalence Study and (ii) had lower eosinophil levels and different diagnostic histories relative to the Phase 2 population.  This appropriate rebuttal should not trigger the right to submit a sur-reply.

Moreover, Plaintiffs incorrectly claim that Defendants asserted a "truth-on-the-market" defense in their Reply.  A truth-on-the-market defense argues that a challenged omission or misrepresentation was ***not sufficiently material*** because investors could obtain substantially similar information from other publicly-available sources.  Here, by contrast, Defendants argue that Plaintiffs cannot establish that the challenged disclosures were ***misleading*** in view of

---

[1]  Capitalized terms not defined herein have the same meanings as in Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss the Second Amended Complaint ("SAC"), ECF No. 46 ("MTD" or "Opening Brief") and their Reply Memorandum of Points and Authorities in Further Support of Their Motion to Dismiss the SAC, ECF No. 50 ("Reply").

Defendants' other disclosures.  This argument, based on the principle that a challenged disclosure must be viewed in its context, was not new, but instead had been made directly by Defendants in their Opening Brief.

**ARGUMENT**

Courts "generally view[] motions for leave to file sur-replies with disfavor." *Cortinas v. McCabe*, No. 16-cv-0558-LJO, 2017 WL 5291664, at *2 (E.D. Cal. Nov. 13, 2017).  "Sur-replies should be allowed 'only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" *Harvey v. Advisors Mortg. Grp., LLC*, No. 21-cv-1048-TWR, 2021 U.S. Dist. LEXIS 177638, at *1 (S.D. Cal. Sept. 16, 2021).  An argument is not "new" "when it is made in response to an issue raised in an earlier briefing," *Great American Insur. Co. v. Berl*, No. 17-cv-03767-SJO, 2017 WL 8180627, at *1 (C.D. Cal. Oct. 23, 2017), or when it merely "expand[s] on" previously-made arguments.  *Heil Co. v. Curotto Can Co.*, No. 04-cv-01590-MMC, 2004 WL 2600134, at *1 n.1 (N.D. Cal. Nov. 16, 2004).

## I.    Defendants' Reply Was A Proper Response To Plaintiffs' New Opposition Points.

Plaintiffs claim that they are entitled to a sur-reply because Defendants allegedly made a new argument in their Reply regarding the Population Statement.  ECF No. 55 at 4.  Not so.

In the Population Statement, Mr. Tomasi described the Phase 2 and Phase 3 populations as "very similar."  SAC ¶ 150.  There is no dispute that this general comment was a summary of Mr. Tomasi's preceding sentences regarding the two populations' "same enrollment criteria" and "same type of demographics."  *Id.*  According to the SAC, the Population Statement was not merely "misleading," but literally "false" because the Phase 3 population was later revealed to have lower eosinophil and IgE levels and different diagnostic histories, which Plaintiffs apparently contend fall within the scope of "demographics."  *Id.* ¶ 151.

Defendants' Opening Brief placed Mr. Tomasi's remarks in their appropriate context by reviewing statements he made in addition to the Population Statement.  *See* MTD at 7–9.  In particular, Defendants showed that, in connection with statement that Phase 3 patients had "the same type of demographics" as Phase 2 patients, Mr. Tomasi specifically referred to "the baseline [TSS that is] in the same or similar place."  *Id.* at 7.  The context of the Population Statement thus

indicated that Mr. Tomasi's statement about demographics referred only to baseline TSS.  *Id.*

Plaintiffs' Opposition conceded that, as Mr. Tomasi correctly observed, the two populations did have similar baseline TSS.  Opp. at 7.  While Plaintiffs continue to claim that Mr. Tomasi's reference to "demographics" was ambiguous, the Opposition argued, ***for the first time***, that even if Mr. Tomasi intended to refer to only TSS, the Population Statement was nevertheless "misleading because its 'fair and reasonable implication . . . was that the [Phase 2 and Phase 3] patient populations were 'very similar' in all significant ways.'"  *Id.* at 8–9.  Plaintiffs thus argued that Mr. Tomasi should have warned investors that the two populations could be dissimilar in their baseline eosinophil and IgE levels and diagnostic histories.  *See id.* at 9–10.

In response, Defendants explained that Plaintiffs' new implication theory was implausible because Allakos had already informed its investors that the Phase 3 trial would include certain patients who were identified in the Prevalence Study and had lower eosinophil levels and different diagnostic histories.  Reply at 7–8.  Placing Mr. Tomasi's statement in context, as they had done in the Opening Brief, Defendants explained that the inference Plaintiffs seek to draw makes no sense in light of the prior disclosures.  *Id.*  This is a proper rebuttal argument.  *See Starline Windows Inc. v. Quanex Building Prods. Corp.*, No. 15-cv-01282-L, 2016 WL 3144060, at *1 (S.D. Cal. Jun. 6, 2016)) ("[A] court may consider arguments which, though not raised in the initial motion, are responsive to arguments made in an opposition brief."); *Plummer v. Nicor Energy Servs. Co.*, 2018 WL 1156281, at *4 (S.D. Ind. Mar. 5, 2018) (noting that a party may "expand upon and clarify arguments in its reply brief").[2]

**II.      Plaintiffs' Proposed Sur-Reply Mischaracterizes Defendants' Arguments.**

Plaintiffs characterize Defendants' Reply argument at issue as a newly asserted "truth-on-

---

[2]  The Reply also did not include any new scienter arguments.  Plaintiffs argued in their Opposition that Mr. Tomasi was reckless in making the challenged disclosures because he was "put on notice" of the possible differences between the Phase 2 and Phase 3 patient populations by the results of the Prevalence Study.  Opp. at 2, 11–12.  Defendants' Reply pointed out that the very disclosures that purportedly put Mr. Tomasi "on notice" were also provided to investors, who were thus aware of this possibility.  Reply at 7.  Plaintiffs still fail to show that Mr. Tomasi, at the time of the challenged disclosures, knew either the Phase 3 population's actual eosinophil count and diagnostic histories or how this granular data would affect the trial's ability to meet one of its two endpoints.  This has been Defendants' position all along.  *See* MTD at 12–14; Reply at 12–14.

DEFS' OPP. TO MOT. FOR ADMIN. RELIEF                                    CASE NO. 4:20-CV-01720-JSW

the-market" defense, justifying a sur-reply. Not so. "[T]he truth-on-the-market defense is a method of refuting an alleged misrepresentation's materiality." *Connecticut Ret. Plans & Tr. Funds v. Amgen Inc.*, 660 F.3d 1170, 1177 (9th Cir. 2011), *aff'd*, 568 U.S. 455 (2013). This defense is based on the theory that "the defendant's failure to disclose material information may be excused where that information has been made credibly available to the market **by other sources**." *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1115 (9th. Cir. 1989) (emphasis added).[3]

Defendants did not raise a truth-on-the-market defense in their Reply. Instead, their Reply showed that the challenged disclosures—which Mr. Tomasi made off-the-cuff at an interview— were not misleading in view of other disclosures Defendants *themselves* made to investors on investor conference calls and in SEC filings.[4] *See* Reply at 6–8. There is thus no question as to whether the source of the "truth" was sufficiently credible. Indeed, as Defendants have argued throughout their motion to dismiss briefing, it is a fundamental tenet of securities law that a challenged statement must be examined in the context of Defendants' other statements. *See* MTD at 9; Reply at 5–8. Defendants thus have not raised a truth-on-the-market defense and Plaintiffs' request to file a sur-reply should be denied.[5]

---

[3] Indeed, the truth-on-the-market cases on which Plaintiffs rely all focused on whether such other sources transmitted the truth "with a degree of intensity and credibility sufficient to effectively counterbalance any misleading impression created by insider's one-sided representations." *See* ECF No. 55-1 at 4–6 (citing cases where the truth was allegedly disclosed through analyst reports, journal articles, news coverage, and publicly-available contracts).

[4] Plaintiffs' objections to Defendants' Exhibits F and G—the pertinent investor conference call transcripts (*see* ECF No. 54 at 1–3)—fail for the same reasons. *See Applied Mats., Inc. v. Demaray LLC*, No. 20-cv-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) ("[E]vidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief."). These exhibits are also admittedly incorporated by reference. *See* ECF No. 55 at 4 (conceding that "the SAC had relied on [Exhibits F and G] extensively"). Plaintiffs' objection to Exhibit H—a medical journal article (*see* ECF No. 54 at 3)—is similarly meritless because "[c]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time . . . ." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (internal quotation omitted).

[5] For the same reasons, Plaintiffs' claim that Defendants waived the arguments at issue should be rejected. The Court has "broad discretion to consider" such arguments even if they were "new"— which they were not. *Demelo v. Colvin*, No. 13-cv-1247-BAM, 2015 WL 1320213, at *4 (E.D. Cal. Mar. 24, 2015); *see also Lane v. Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008). Plaintiffs' insinuation that the Court lacks such discretion is incorrectly based on cases addressing arguments that were raised for the first time in a reply brief **on appeal**. *See* ECF No. 55–1 at 2.

September 20, 2022

Respectfully submitted

SIMPSON THACHER & BARTLETT LLP

By /s/ *Stephen P. Blake*
STEPHEN P. BLAKE (Bar No. 260069)
sblake@stblaw.com

*Counsel for Defendants Allakos Inc., Robert Alexander, Leo Redmond, Henrik Rasmussen, and Adam Tomasi*