UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG KIM, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ALLAKOS INC., et al.,<br><br>  Defendants. | Case No. 20-cv-01720-JSW<br><br>**ORDER VACATING HEARING AND REQUIRING SUPPLEMENTAL BRIEF FROM PLAINTIFFS; RESOLVING PLAINTIFF'S EVIDENTIARY OBJECTIONS; GRANTING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Re: Dkt. Nos. 46, 55 |

This matter is scheduled for a hearing on October 14, 2022 to consider Defendants' motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). On September 16, 2022, Plaintiffs filed an administrative motion for leave to file a sur-reply, which Defendants oppose. Plaintiffs argue that Defendants raised a new argument in reply. The proposed sur-reply argues why the Court should not consider the argument and addresses the merits of the argument.

Plaintiffs also object to three exhibits that Defendants submitted with the reply brief. (*See* Dkt. No. 51-1, 51-2, 51-3, 51-4, Reply Declaration of Stephen Blake and Exs. G-H.) Exhibits F and G are transcripts of calls that are cited in the SAC to support Plaintiffs' claims and could be considered under the incorporation by reference doctrine. Plaintiffs object *only* on the basis that Defendants rely on these exhibits to support the purportedly new argument. The Court OVERRULES Plaintiffs' objections to Exhibits F and G, and it will address Plaintiffs' objections to Exhibit H when it issues an Order resolving Defendants' motion.

The Court GRANTS Plaintiffs' motion for leave to file a sur-reply. Because Defendants' opposition to the administrative motion provides the Court with sufficient information to evaluate the parties' arguments about whether Defendants' argument is "new" and to evaluate the

substance of the argument, the Court does not require a further response from Defendants. The proposed sur-reply at Docket No. 55-1 is deemed filed.

The Court previously dismissed Plaintiffs' claims based on Phase II trials on the basis that Plaintiffs failed to allege that any of the challenged statements were misleading. Plaintiffs did not make substantive amendments those claims and assert they have included those claims solely to preserve them for appeal. Plaintiffs did amend to include claims based on two statements by Defendant Tomasi regarding Phase III trials. However, Defendants argue that Plaintiffs purchased their stock before those statements were made and, therefore, cannot state a claim based on those statements. *See, e.g., Hanon v. Dataproducts Corp.*, 976 F.2d 497, 501 & n.3 (9th Cir. 1988) (granting summary judgment and concluding it was unnecessary to determine if a statement was "misleading because it was issued after [plaintiff] bought his stock and thus could not have affected his stock's April 14, 1989 market price or his decision to buy on that date," where there was no evidence the plaintiff relied on post-purchase statement in holding on to the stock).

The Court concludes the motion can be resolved without oral argument and it VACATES the hearing scheduled for October 14, 2022, but it ORDERS Plaintiffs to file a supplemental brief that addresses Defendants' argument regarding the post-purchase statements. Plaintiffs' supplemental brief shall be due by no later than October 28, 2022 and shall not exceed five (5) pages. Defendants may file a response by no later than November 4, 2022, which also shall not exceed three (3) pages.

Once the supplemental briefs are on file, the matter will be deemed submitted, and the Court will issue a ruling in due course.

**IT IS SO ORDERED**.

Dated: October 6, 2022

JEFFREY S. WHITE
United States District Judge