JAMES G. KREISSMAN (Bar No. 206740)
jkreissman@stblaw.com
STEPHEN P. BLAKE (Bar No. 260069)
sblake@stblaw.com
BO BRYAN JIN (Bar No. 278990)
bryan.jin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA  94304
Telephone: +1-650-251-5000
Facsimile: +1-650-251-5002

*Attorneys for Defendants Allakos Inc.,*
*Robert Alexander, Leo Redmond,*
*Henrik Rasmussen, and Adam Tomasi*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNG KIM, CHRISTIAN MAYO, AND ALLISON SKYE, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLAKOS INC., ROBERT ALEXANDER, LEO REDMOND, HENRIK RASMUSSEN, and ADAM TOMASI,<br><br>Defendants. | Case No. 4:20-cv-01720-JSW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF CONCERNING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Hon. Jeffrey S. White<br>Hearing Vacated<br>Oakland Courthouse, Courtroom 5 |

**INTRODUCTION**

On October 6, 2022, the Court ordered supplemental briefing to address the element of reliance in connection with Plaintiffs' Phase 3 Claim[1]—the only claim remaining in this lawsuit.[2] Dkt. No. 58 at 2.  In particular, the Court questioned whether Plaintiffs could maintain the Phase 3 Claim, which challenges certain statements Defendant Tomasi made *after* Plaintiffs allegedly purchased Allakos shares.  Defendants, and now Plaintiffs, have come to the same conclusion; they cannot.  Dkt. No. 59 at 1.

Although Plaintiffs concede their failure to plead reliance on Defendant Tomasi's statements, which is an essential element of the Phase 3 Claim, they ask the Court, not to end this lawsuit, but to prolong it by re-opening the lead plaintiff process under the Private Securities Litigation Reform Act ("PSLRA").  Dkt. No. 59 at 2.  Plaintiffs do not contend that the PLSRA mandates a re-opening of the lead plaintiff process.  Instead, the cases they rely on show that whether to re-open the process is within the Court's discretion.  *See, e.g.*, *In re Nutanix, Inc. Sec. Litig.*, 2021 WL 783579, at *2 (N.D. Cal. Mar. 1, 2021) (finding that courts "have discretion in how they handle" requests relating to lead plaintiff substitution).

For the following reasons, Defendants respectfully submit that, instead of re-opening the PSLRA lead plaintiff process, the Court should dismiss the SAC with prejudice for failures to plead falsity and/or scienter.

**ARGUMENT**

The Court should exercise its sound discretion to dismiss the SAC with prejudice and deny Plaintiffs' request for re-opening the PSLRA lead plaintiff process, which would be futile, waste judicial resources, and unfairly prejudice Defendants.

*First*, Plaintiffs' request to re-open the PSLRA lead plaintiff process and, although not explicitly stated, to eventually file a third amended complaint substituting a new lead plaintiff

---

[1]  Capitalized terms that are not defined in this brief have the same meanings as in Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss Second Amended Complaint, Dkt. No. 46 and Defendants' Reply Memorandum of Points and Authorities in Further Support of Their Motion to Dismiss Second Amended Complaint, Dkt. No. 50.

[2]  As the Court noted in the October 6, 2022 order, Plaintiffs effectively conceded that their original Phase 2 Claims should be dismissed with prejudice.  *See* Dkt. No. 58 at 2.

should be denied because it "would [be] a futile exercise." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (affirming dismissal without leave to amend). As explained in Defendants' briefs in support of their motion to dismiss, the SAC fails to plead any actionable misrepresentation or fact giving rise to a strong inference of scienter because, among other things:

- The challenged statements truthfully and accurately summarized the identical enrollment criteria and very similar baseline TSS between the Phase 2 and Phase 3 trials, *see* Dkt. Nos. 46 at 7–9, 50 at 4–6, 57 at 3–4;

- The challenged statements would not mislead reasonable investors, who were well aware of the fact that the Phase 3 Population could, and likely would, differ from the Phase 2 Population in certain other aspects, including, in particular, baseline eosinophil levels and diagnostic history, *see* Dkt. Nos. 46 at 7–9, 50 at 6–8, 57 at 2–3; and

- Defendant Tomasi did not sell a single share of Allakos stock when the stock price was allegedly inflated, but instead retained his Allakos holdings and suffered approximately $70 million in losses when the Phase 3 trial's surprising result was announced, strongly indicating a lack of scienter, *see* Dkt. Nos. 46 at 10–12, 50 at 11–12.

Plaintiffs have not "set forth any facts indicating that [an] unidentified representative [had] a valid claim" and therefore effort to identify a substitute lead plaintiff "would . . . be futile." *Lindblom v. Santander Consumer U.S., Inc.*, 2019 WL 4640684, at *11 (E.D. Cal. Sept. 24, 2019) (denying leave to substitute a new class representative in a non-securities putative class action lawsuit).

**Second**, re-opening the lead plaintiff process will waste judicial resources because it will not resolve Defendants' challenges to the sufficiency of the SAC's falsity and scienter pleading for the Phase 3 Claim. These issues are fully briefed and ripe for a decision. If the Court finds that the SAC fails to plead either falsity or scienter and, as Defendants request, dismisses the SAC with prejudice, such a decision will obviate the need for the Court to potentially rule upon competing lead plaintiff appointment motions, thus promoting judicial efficiency. *See U.S. v. Su*, 2019 WL 1283937, at *3 (N.D. Cal. Mar. 20, 2019) (recognizing "district courts' concerns for preserving dwindling resources and promoting judicial efficiency") (citation omitted); *Bent v. Barr*, 2020 WL 3640009, at *6 (N.D. Cal. Jul. 6, 2020) ("The purpose of Rule 15 [regarding amending pleadings] is to promote judicial efficiency.").

**Finally,** re-opening the PSLRA lead plaintiff process will unduly prejudice Defendants. This litigation has been pending for approximately 32 months. *See* Dkt. No. 1 (initial complaint filed on March 10, 2020). After the Court dismissed the Phase 2 Claims with leave to amend,

Plaintiffs made no effort to rectify the defects the Court identified, but instead used the amendment process to assert the new, unrelated Phase 3 Claim. In doing so, Plaintiffs represented to the Court that their "claims are typical of the claims of the members of the Class" and they "will fairly and adequately protect the interests of the members of the Class," SAC ¶¶ 185–86, only to now concede, after Defendants submitted extensive motion to dismiss briefing, that "Lead Plaintiff Kim is no longer a suitable Lead Plaintiff for this case," Dkt. No. 59 at 1.

As then-Chief Judge Walker observed, "Plaintiffs' case, whether meritorious or not, hangs as a cloud of uncertainty over defendants; permitting further amendment would only delay matters further and enable this cloud to linger." *Mostowfi v. I2 Telecom Internat'l Inc.*, 2006 WL 8443121, at *8 (N.D. Cal. Mar. 27, 2006). Here, the litigation, as well as the burden it imposes on Defendants, should have ended with Plaintiffs' failure to amend the original Phase 2 Claims to overcome the Court's dismissal. Plaintiffs have already artificially prolonged the litigation by asserting the Phase 3 Claim, which they now concede cannot be maintained. Further allowing the cloud of uncertainties to hang over Defendants and forcing them to file a ***third*** motion to dismiss would result in undue delay and unfair prejudice. *See Presidio Adventures Dev. I v. Countrywide Fin. Corp.*, 2014 WL 1248293, at *8–9 (D. Nev. Mar. 26, 2014) (denying leave to amend because further amendment would "result in undue prejudice" to the defendants); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("[W]hether the [amending] party knew or should have known the facts" underlying the requested amendment is "[r]elevant to evaluating" whether the amending party "unduly delayed" in amending their complaint).

## CONCLUSION

For the foregoing reasons, Defendants request that the Court dismiss the SAC with prejudice for failure to plead falsity and/or scienter. Alternatively, Defendants request that the Court dismiss the Phase 2 Claims with prejudice and limit any further amendment to the substitution of a new lead plaintiff and the corresponding adjustment of the putative class period to September 10, 2021 (the date of the challenged Phase 3 Claim statements) through December 21, 2021 (the date of the alleged corrective disclosure).

November 4, 2022

Respectfully submitted

SIMPSON THACHER & BARTLETT LLP

By /s/ Stephen P. Blake
STEPHEN P. BLAKE (Bar No. 260069)
sblake@stblaw.com

*Counsel for Defendants Allakos Inc., Robert Alexander, Leo Redmond, Henrik Rasmussen, and Adam Tomasi*